Filed 8/27/14  P. v. Hales CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER E. HALES,<br><br>        Defendant and Appellant. | A139405<br><br>(Contra Costa County<br>Super. Ct. No. 960102-2) |

Appellant Christopher E. Hales appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.126.[1]  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have independently reviewed the entire record.  We find no arguable appellate issues and therefore affirm.

## BACKGROUND

In 1993, appellant pled guilty to two counts of first degree burglary.  (§§ 459, 460, subd. (a).)

---

[1] All undesignated section references are to the Penal Code.

1

In 1996, appellant was found guilty of six counts of second degree robbery. (§§ 211, 212.5, subd. (c).) The trial court sentenced appellant under the then-current "Three Strikes" law to three consecutive indeterminate terms of 25 years to life, with an additional consecutive determinate term of 14 years. (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).) Appellant's direct appeal was not successful. (*People v. Hales* (Apr. 8, 1998, A077925) [affirming judgment] [nonpub. opn.], review den. Jun. 24, 1998, S070376.) Appellant subsequently filed a petition for a writ of habeas corpus on the ground that his sentence was "unauthorized." This petition was denied by the trial court, Court of Appeal, and the California Supreme Court.

In 2013, appellant filed the instant petition pursuant to section 1170.126 seeking modification of his sentence. The trial court denied the petition.

## DISCUSSION

As an initial matter, courts of appeal have disagreed as to whether an order denying a petition under section 1170.126 is appealable and the issue is currently pending before the California Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 [holding order not appealable], review granted July 31, 2013, S211708; *People v. Wortham* (2013) 220 Cal.App.4th 1018 [holding order appealable], review granted January 15, 2014, S214844 (*Wortham*).) Until the Supreme Court resolves this issue, we adopt the reasoning set forth in *Wortham* and conclude such orders affect the substantial rights of defendants and are therefore appealable under section 1237, subdivision (b).

Turning to the merits, appellant is not entitled to relief under section 1170.126. This section authorizes resentencing for certain inmates sentenced under the Three Strikes law. An inmate is only eligible for resentencing under this section if, among other things, the sentence he or she is serving was imposed "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Appellant is serving a sentence for multiple robbery convictions. Robbery is a "violent felony" under section 667.5, subd. (c)(9). Robbery is also a "serious felony" under

2

section 1192.7, subd. (c)(19).  Accordingly, appellant is not eligible for resentencing under section 1170.126.

Appellant's petition raised a number of challenges to his sentence that are not grounds for relief under section 1170.126.  Moreover, the petition does not explain whether, if these grounds were previously raised in appellant's petition for writ of habeas corpus, there has been a material intervening change in law or fact; or whether, if they were not previously raised, they were known to him at that time.  (*In re Reno* (2012) 55 Cal.4th 428, 496-497 [" 'a petition for habeas corpus based on the same grounds as those of a previously denied petition will itself be denied when there has been no change in the facts or law substantially affecting the rights of the petitioner' "]; *id.* at p. 501 ["we have 'refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment' "].)

DISPOSITION

The order is affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
NEEDHAM, J.

4